# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMMANUEL MERVILUS, | |
| Plaintiff, | |
| v. | Civil Action No. 14-7470 (ES) (MAH) |
| UNION COUNTY, et al., | OPINION |
| Defendants. | |

## I. INTRODUCTION

This civil rights action pursuant to 42 U.S.C. § 1983 and state law challenges polygraph procedures used to convict Plaintiff Emmanuel Mervilus in a 2008 criminal trial. *See* Proposed Second Am. Compl. ¶¶ 1, 19, 20, Oct. 29, 2019, D.E. 159-1. The Superior Court of New Jersey, Appellate Division reversed Plaintiff's conviction based on the improper use of polygraph testimony. *Id.* ¶ 27. A jury acquitted Plaintiff following retrial. *Id.* ¶ 34. By way of a twenty-one count Complaint filed against the New Jersey Attorney General; Union County; the City of Elizabeth; and various individuals associated with the Union County Prosecutor's Office, the Union County Police Department, and City of Elizabeth, Plaintiff sought damages for alleged constitutional violations that resulted in the initial conviction. *See generally* Compl., Nov. 26, 2014, D.E. 1.

Prior to the completion of fact and expert discovery, the parties engaged in significant motion practice that narrowed the breadth of Plaintiff's claims. The only remaining causes of action, which are set forth in the operative First Amended Complaint, are certain constitutional claims asserted against Union County, Union County Police Chief Daniel Vaniska, and Union County Police Lieutenant John Kaminskas ("County Defendants"). Now, on the eve of the

deadline to file any motion for summary judgment, Plaintiff has moved for leave to file a Second Amended Complaint. *See* Mot. to Amend, Oct. 29, 2019, D.E. 158. For the reasons set forth below, the Court will deny Plaintiff's Motion.[1]

## II. BACKGROUND

The Court assumes the parties' familiarity with the action and briefly recounts its procedural history. On June 2, 2015, the Court entered a Pretrial Scheduling Order pursuant to Federal Rule Civil Procedure 16. *See* Pretrial Scheduling Order, D.E. 37. In addition to setting dates for the completion of discovery, this Court ordered that "[a]ny motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than November 16, 2015." *Id.* ¶ 12.

The Attorney General, Union County Prosecutor, and the Union County Assistant Prosecutor ("State Defendants") subsequently moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Mot. to Dismiss, June 8, 2015, D.E. 38. In conjunction with their Rule 12 motion, the State Defendants also moved to stay discovery.[2] *See* Mot. to Stay Discovery, Oct. 15, 2015, D.E. 46. The Court stayed discovery as to all parties pending the resolution of the Motion to Dismiss with the exception of document discovery. *See* Order, Dec. 3, 2015, D.E. 57; Order, Dec. 16, 2015, D.E. 62.

---

[1] The Court has considered the parties' submissions and decides this motion without oral argument. *See* Fed. R. Civ. P. 78(b).

[2] The County Defendants joined the State Defendants' motion for a stay on the basis that the County Defendants were actively pursuing an appeal in state court of the Attorney General's decision to deny them a defense in this action. *See* Mot. to Stay Discovery, Oct. 26, 2015, D.E. 48. Plaintiff opposed both motions to stay discovery. Pl.'s Opp'n and Cross-Mot. to Compel, Oct. 28, 2015, D.E. 50.

2

On March 30, 2016, the Court granted the State Defendants' Motion to Dismiss and afforded Plaintiff thirty days to file an amended complaint that remedied the deficiencies identified by the Court.[3] Order, Mar. 30, 2016, D.E. 67. By way of the First Amended Complaint filed on October 15, 2016, Plaintiff alleged violations of 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J. Stat. Ann. §§ 10:6-1 to -2, against the County Defendants, three City of Elizabeth police officers, and fictitious persons. *See* First Am. Compl. ¶¶ 1-9, D.E. 77.

The County Defendants then moved to dismiss the First Amended Complaint. *See* First Mot. to Dismiss, Oct. 26, 2016, D.E. 82; Second Mot. to Dismiss, May 16, 2017, D.E. 100.[4] While the motion was pending, a discovery dispute arose pertaining to the production of the polygraph examinations conducted by Lieutenant Kaminskas. *See* Order, Mar. 22, 2017, D.E 93. This Court stayed the production of those documents pending the resolution of the Motion to Dismiss. *See* Order, May 10, 2017, D.E. 99; Order, Nov. 27, 2017, D.E. 114; Order, Feb. 6, 2018, D.E. 125. On March 14, 2018, the Court denied the County Defendants' motion. Order, D.E. 131.

Discovery and motion practice meanwhile proceeded to conclusion between Plaintiff and the three City of Elizabeth police officers. Plaintiff later voluntarily dismissed his claims against two of the three officers. *See* Stip. and Order Dismissing Defs. Barros and Benenati, Apr. 2, 2018, D.E. 135. On January 8, 2019, the Court granted summary judgment in favor of Detective Robert Perez. *See* Order, D.E. 143.

---

[3] Plaintiff initially represented to the Court that he did not intend to amend the complaint. *See* Letter, Apr. 28, 2016, D.E. 69. Based on documents received in discovery and in anticipation of the County Defendants' soon-to-be-filed motion to dismiss, Plaintiff changed course and requested leave to amend outside of the thirty-day window provided by the Court. *See* Letter, June 17, 2016, D.E. 71. The Court subsequently granted Plaintiff's Motion for Leave to File the First Amended Complaint. Order, Oct. 4, 2016, D.E. 76.

[4] The Court denied without prejudice the County Defendants' first motion to dismiss for failure to comply with Local Civil Rules 7.1 and 7.2. *See* Order, Apr. 28, 2017, D.E. 95. The County Defendants renewed their motion in accordance with a briefing schedule outlined by the Court.

The Court then ordered Plaintiff and the County Defendants—the only remaining parties in this action—to submit a joint status report. Order, Feb. 5, 2019, D.E. 144. On February 19, 2019, the parties represented to the Court that they were continuing with document discovery and had agreed on a schedule for the completion of the remaining tasks. *See* Letter, D.E. 145. Following several extensions,[5] the Court ordered that (1) all fact discovery shall be completed by June 15, 2019; (2) all expert discovery shall be completed by October 14, 2019; and (3) any motion for summary judgment shall be filed by November 8, 2019. *See* Order, May 10, 2019, D.E. 149; Order, Aug. 22, 2019, D.E. 155. On August 22, 2019, this Court reiterated to the parties that, "in view of the age of this case, there will be NO further extensions of any deadlines." Order, D.E. 155.

Ten days before the firm deadline for the filing of dispositive motions, however, Plaintiff filed the instant motion for leave to file a Second Amended Complaint. *See* Mot. to Amend, Oct. 29, 2019, D.E. 158. The proposed pleading includes additional and revised factual allegations pertaining to reliability of polygraph exams, Lieutenant Kaminskas's use of a discredited polygraph procedure, Lieutenant Kaminskas's knowledge of the unreliability of the procedure he employed, Lieutenant Kaminskas's direction to Plaintiff to change an answer during his examination, and Lieutenant Kaminskas's use of complex questions during the examination. *See*

---

[5] Not all of the requests for extensions were consented to by the respective adversary. Plaintiff objected to the County Defendants' one-day-late submission of an expert report. *See* Letter, Aug. 16, 2019, D.E. 151 In support of a request to strike the report pursuant to Federal Rule of Civil Procedure 37(c), Plaintiff's counsel contended "the deadlines mattered to Plaintiff's counsel" in light of the facts that "[t]he remaining discovery schedule in this case is very tight and it was important that Plaintiff receive the report yesterday because the attorney with primary responsibility for the expert issues in this case planned a vacation around it." *Id.* Several days later, Plaintiff nonetheless requested an extension of the deadline to produce the belated expert report of Dr. Charles Honts, which was to be served by July 15, 2019. *See* Letter, Aug. 21, 2019. In neither correspondence did Plaintiff raise the issue of seeking leave to amend the complaint.

Proposed Second Am. Compl. ¶¶ 45-104. Based on those allegations, Plaintiff seeks to bring a *Brady*[6] claim against Lieutenant Kaminskas, *see id.* ¶¶ 156-63, as well as to hold Union County and Chief Vaniska liable for failing to train their subordinates regarding their *Brady* obligations, *see id.* ¶¶ 205-06.

On November 8, 2019, the County Defendants filed their Motion for Summary Judgment. *See* Joint Mot. for Summary J., D.E. 163. On November 15, 2019, the County Defendants filed their briefs in opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint.[7] *See* Def. Kaminskas's Br. in Opp. to Mot. to Amend, D.E. 164; Defs. Union Cty. & Chief Vaniska's Br. in Opp. to Mot. to Amend, D.E. 165. Plaintiff filed a reply brief in further support of his Motion to Amend on November 28, 2019. *See* Pl.'s Reply Br. in Supp. of Mot. to Amend, D.E. 166. The County Defendants' Motion for Summary Judgment has been fully briefed as of December 10, 2019.

### III. ANALYSIS

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987)).

---

[6] *Brady v. Maryland*, 373 U.S. 83 (1963).

[7] Local Civil Rule 7.1(d) prescribes that moving papers in support of a motion "are to be filed with the Clerk at least 24 days prior to the noticed motion day." The return date for Plaintiff's Motion for Leave to File a Second Amended Complaint was December 2, 2019. The County Defendants' opposition papers were thus due on November 18, 2019. *See* Local Civ. R. 7.1(d)(2). The County Defendants did not address the proposed *Brady* claim in their Motion for Summary Judgment.

On the other hand, Rule 16(b)(3)(A) prescribes that the Court must issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." The Rule further prescribes that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases." *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990). The requirement of a deadline to amend the pleadings "assures that at some point . . . the pleadings will be fixed." Fed. R. Civ. P. 16, advisory committee's note (1983 Amendment). "The careful scheme of reasonable framing and enforcement of scheduling orders for case management would thus be nullified if a party could inject amended pleadings upon a showing of less than good cause after scheduling deadlines have expired." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990).

Courts within the Third Circuit have consistently held that "a party seeking to amend the pleadings *after the deadline set by the Court* must satisfy the requirements of Rule 16(b)(4)—i.e., they must show 'good cause.'" *Nasa Machine Tools Inc. v. FAMA Tech. Inc.*, No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019) (quoting *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011)). "Accordingly, '[h]eightened scrutiny of a motion to amend . . . is warranted when the motion comes after the period prescribed by Rule 16(b)(3)(A).'" *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014) (alterations in original) (quoting *Stolinski v. Pennypacker*, No. 07–3174, 2011 WL 3608685, at *3 (D.N.J. Aug. 15, 2011)).

"If there is good cause to amend, the Court will then turn to Rule 15 to determine whether to permit [Plaintiff] to file its amended pleading as justice so requires." *Nasa Machine Tools Inc.*,

2019 WL 7207503, at *2 (citing *Home Semiconductor Corp. v. Samsung Electronics Co., Ltd.*, Civ. No. 13-2033, 2019 WL 2135858, at *2 (D. Del. 2019)). Conversely, "[i]f the moving party is unable to demonstrate 'good cause', the Court will deny the motion and will not proceed to a Rule 15 analysis." *Korrow*, 300 F.R.D. at 220 (quoting *Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)).

"Whether 'good cause' exists under Rule 16 hinges to a large extent on the diligence of the moving party." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, No. 03–2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)); *see also* Fed. R. Civ. P. 16, advisory committee's note (1983 Amendment). "The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed." *Kennedy v. City of Newark*, Civ. No. 10–1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011). "If a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion." *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *Dimensional Communs., Inc. v. OZ Optics, Ltd.*, 148 Fed. App'x. 82, 85 (3d Cir. 2005)). In other words, "the moving party must show that, despite its diligence, the deadlines set forth in the scheduling order could not reasonably be met." *Korrow*, 300 F.R.D. at 220. "Moreover, the absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16." *Id.* (citing *GlobespanVirata,* 2005 WL 1638136, at *3).

The deadline to amend the pleadings was November 16, 2015. *See* Pretrial Scheduling Order, D.E. 37. Although the Court granted Plaintiff leave to file the First Amended Complaint on October 15, 2016, the Court has not otherwise extended the initial deadline. To the contrary,

the Court repeatedly reiterated towards the end of discovery that there would be no further extensions of any deadline. *See* Order, May 10, 2019, D.E. 149; Order, Aug. 22, 2019, D.E. 154; Order, Sept. 17, 2019, D.E. 157. Plaintiff must therefore establish good cause for modification of the deadline to amend the complaint at this time. The Court finds that Plaintiff has failed to do so.

Here, Plaintiff seeks leave to amend his Complaint to state a *Brady* claim. In *Brady*, the Supreme Court held that the prosecution must share with defense counsel favorable evidence that is "material either to guilt or punishment" and that the suppression or non-disclosure of such evidence constitutes a due process violation. *See Brady*, 373 U.S. at 87; *Dennis v. Sec'y, Pa. Dep't of Corrs.*, 834 F.3d 263, 284 (3d Cir. 2016). A three-prong test determines whether a *Brady* violation has occurred: "(1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable, either because it was exculpatory or of impeachment value; and (3) the withheld evidence was material." *United States v. Walker*, 657 F.3d 160, 185 (3d Cir. 2011) (quoting *Lambert v. Blackwell*, 387 F.3d 210, 252 (3d Cir. 2004)).

Plaintiff avers that he did not uncover the facts that support a *Brady* claim until late in discovery. Pl.'s Br. at 2, 7. According to Plaintiff,

> [he] learned that, contrary to the false polygraph report Defendant Kaminskas created, the polygraph examination conducted on Mr. Mervilus clearly demonstrated truthfulness – a fact that Sgt. Kaminskas never disclosed to prosecutors or the defense. Plaintiff also learned that: (1) Defendant Kaminskas disregarded the (highly flawed) training he received and skewed the results of his polygraph examinations to eliminate "inconclusive" results, biasing his results against the innocent; (2) Defendant Kaminskas disregarded his training when conducting his polygraph examination of Plaintiff by using a "directed lie" question as a relevant question, biasing the results against the innocent Plaintiff; and (3) Union County did not teach its police officers about their *Brady* obligations.

*Id.* at 3. With respect to the dates of those revelations, Plaintiff notes that (1) "Defendant Kaminskas's deposition was not completed until May 31, 2019, and the prosecution depositions

were completed shortly thereafter"; (2) "[i]t was not until July 2019 that Plaintiff's expert rendered his opinion that, in fact, Mr. Mervilus's polygraph examination clearly demonstrated truthfulness"; and (3) "[i]t was not until late August 2019 that the Defendants produced their proffered expert testimony which, in Plaintiff's view, bolstered his *Brady* claims." *Id.* at 5. As for his exercise of "reasonable diligence," Plaintiff contends that the several month delay that preceded this motion is insubstantial given the age of this case. *Id.* Plaintiff states that he waited to seek leave to amend until he was sure that a *Brady* claim was supported by the evidence. Pl.'s Reply Br. at 1.

The Court is unpersuaded by Plaintiff's justifications. Both parties note that *Brady* "was discussed repeatedly in party and non-party depositions[,] including whether Mr. Kaminskas disclosed certain facts to prosecutors, whether the prosecutor would have disclosed certain information to the defense if he had received it, and whether Union County trained its officers on their *Brady* obligations[.]" Pl.'s Br. at 6; *see also* Defs.' Br. at 2, D.E. 164 ("Plaintiff questioned Defendant Kaminskas at length about the factual issues set forth in the amendment, as this information was gleaned well before the deposition from written discovery produced by the County."). Plaintiff was thus aware of information that formed the basis of the putative *Brady* claim since at least May of 2019. The onus was on Plaintiff to request an extension of the deadline to amend the pleadings. As noted, the Court frequently indulged the parties' requests to extend other deadlines. Not once did Plaintiff evince an intention to seek leave to file a Second Amended Complaint, however. Accordingly, the Court concludes that the delay from at least May 2019 to October 29, 2019—ten days before the deadline to move for summary judgment—was not reasonably diligent.

The Court further finds Plaintiff placed Lieutenant Kaminskas's knowledge of the falsity of his testimony in issue from the outset of this litigation. Plaintiff predicates his *Brady* claim in

9

part on the allegations that Lieutenant Kaminskas "suppressed the fact that he employed scientifically invalid and discredited methods to administer and score [Plaintiff's] polygraph examination," and "the fact that he tended to render an opinion on inconclusive examinations in a manner that would lead to higher rates of false negatives." Proposed Second Am. Compl. ¶¶ 159-60. Plaintiff also bases his *Brady* claim on the allegation that Lieutenant Kaminskas employed an unaccredited polygraph method. *See id.* ¶¶ 45-61, 167.

Those allegations are hardly novel. Plaintiff alleged in his initial Complaint that Lieutenant Kaminskas's "false testimony at trial demonstrates a complete misunderstanding of the reliability and ability of a polygraph examination" and that his "testimony was so wrong, deceitful and unsupported that no reasonably trained polygraph examiner could have given such testimony in good faith." Compl. ¶¶ 103, 108, Nov. 26, 2014, D.E. 1. Plaintiff thus concluded that "Lt. Kaminskas gave improper testimony designed to falsely convince juries that polygraph exams are infallible and that [Plainitff] was guilty." *Id.* ¶ 281. Furthermore, Plaintiff alleged in the First Amended Complaint that Lieutenant Kaminskas misrepresented to Plaintiff the polygraph machine's accuracy and truth-telling capabilities and asked numerous improper questions, which skewed the results of the examination. *See* First Am. Compl. ¶¶ 87-118; *see also id.* ¶¶ 232-33 (alleging that Lieutenant Kaminskas "forwarded . . . known false evidence to the Union County Prosecutor"); Op. on Cty. Defs.' Mot. to Dismiss at 2, Mar. 14, 2018, D.E. 130 (noting that Plaintiff alleged that Lieutenant Kaminskas "used improper control questions and falsely labeled some of his questions, which caused a false result").

From those allegations, the Court draws the reasonable inference that Plaintiff had in his possession the basic facts needed to assert, or at least to promptly and carefully consider, whether a *Brady* claim was viable. *Cf. Halsey v. Pfeiffer*, 750 F.3d 273, 296 (3d Cir. 2014) ("Reasonable

officers should have known that if they could not withhold exculpatory evidence from a defendant, they certainly could not fabricate inculpatory evidence against a suspect or defendant.").

Finally, the Court rejects Plaintiff's contention that the County Defendants are not prejudiced by the late amendment because Plaintiff seeks to amend the complaint "merely to ensure that the claims already supported by the evidence during discovery is put before the Court and Defendants prior to summary judgment motion practice." Pl.'s Br. at 7. Although satisfaction of the good cause standard does not rise or fall with prejudice to the non-moving party, the Court notes that Plaintiff's motion placed the County Defendants in the unfair position of having to either include the putative *Brady* claim in their Motion for Summary Judgment or potentially engage in a second round of dispositive motion practice if the Court were to grant Plaintiff leave to amend. Those circumstances also cut against Plaintiff's showing of good cause.

The Court holds that Plaintiff has not provided a satisfactory explanation for waiting until the close of fact and expert discovery to raise a *Brady* violation. Accordingly, Plaintiff has not demonstrated good cause for modification of Pretrial Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b)(4).[8]

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Leave to File a Second Amended Complaint is denied. An appropriate Order shall issue.

*s/ Michael A. Hammer*<br>
**UNITED STATES MAGISTRATE JUDGE**

Dated: February 4, 2020

---

[8] The Court is also satisfied that leave to amend should be denied pursuant to Rule 15(a). The Third Circuit has "upheld district courts' findings of prejudice when adding a new claim would fundamentally alter[] the proceeding and could have been asserted earlier.'" *Spartan Concrete Prods., LLC*, 929 F.3d at 116 (alteration in original) (quoting *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001)). For the reasons set forth above, such is the case here.